The Memorandum Decision and Order below is hereby
signed.  Dated: August 26, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
MONZELL C. FAIRFAX and                ) Case No. 07-00663
TERRIE FAIRFAX,                      ) (Chapter 13)
                                     ) Not for Publication in
            Debtor.                  ) West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER RE APPLICATION FOR COMPENSATION

The debtor's counsel, Lara J. Margulies, has filed an application for compensation seeking entry of an order approving total compensation of $4,500, reduced by $1,500 received already, for a net administrative claim of $3,000.[1]  Counsel's statement under Rule 2016(b) stated:

> Fees based on hourly rate of $300.00, Counsel will file fee application.

The application, however, fails to include any statement of time

---

[1] The application states that total compensation was to be $3000, but the proposed order, consistent with the Rule 2016(b) statement, seeks compensation of $4,500.00.

spent on this case by the debtor's counsel.[2]  So far, this case appears principally to have entailed filing papers required by Rule 1007, attending the meeting of creditors, and obtaining confirmation of a plan (without the necessity of appearing at a confirmation hearing).  Moreover, the Rule 2016(b) statement excludes from the fees stated representation in any contested matter or adversary proceeding.  Total fees of $4,500.00 appears excessive for principally filing Rule 1007 papers, attending the meeting of creditors, and getting a plan to confirmation without a hearing.  It is accordingly

ORDERED that by September 22, 2008, the debtor's counsel shall supplement her fee application with time entries to demonstrate the propriety of awarding the fees sought.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of U.S. Trustee.

---

[2]  The Rule 2016(b) statement fails to explain how total fees in the case can be stated to be $4,500, yet fees are to be based on an hourly rate of $300.  The court can only guess that $4,500 was an estimate of what the hourly fees might total, but the statement ought to have made that clear.